UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| TYSON KEPLINGER, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:17-CV-648-JD-MGG |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Tyson Keplinger, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (ISP 16-8-305) where a Disciplinary Hearing Officer (DHO) found him guilty of aiding in the battery of staff in violation of Indiana Department of Correction (IDOC) Policies A-111 and A-117 on September 9, 2016. ECF 7-3 at 1. As a result, he was sanctioned with the loss of 120 days earned credit time and the imposition of a previously suspended sanction of 90 days of lost earned credit time. *Id.* The Respondent has filed the administrative record and Keplinger filed a traverse. Thus this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder

of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985). In his petition, Keplinger argues there are two grounds which entitle him to habeas corpus relief.

Keplinger first asserts that the DHO did not have sufficient evidence to find him guilty. ECF 1 at 1. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

2

Here, Keplinger was found guilty of violating IDOC offenses A-111 and A-117, for aiding in the battery of staff. IDOC offense A-111 prohibits inmates from "[a]ttempting or conspiring or aiding and abetting with another to commit any Class A offense." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. IDOC offense A-117 prohibits inmates from "[c]ommitting battery/assault upon any staff person, including contractors and volunteers, which results in bodily injury or serious bodily injury (including the throwing of body fluids or waste on a staff person)." *Id.*

The Conduct Report charged Keplinger as follows:

On 8/23/2016 Offender Keplinger was observed by Investigator Dustin tampering with the locking device of Offender Bardlette #120178 handcuffs, loosening them so that Offender Bardlette could assault staff. Due to Offender Keplinger's aiding and abetting Offender Bardlette, staff were injured and would not have been without Offender Keplinger's assistance.

ECF 7-1 at 1.

The written video summary states:

Offender Bardlette is on the range in IDU 200 East side cuffed behind the back. Sgt. T. Reed and Officer R. Westman are shaking down offender Bardlette's cell. He is seen walking down the range towards the back of IDU 200 East.

At approx. 9:50AM offender Bardlette goes to offender Keplinger's cell IDU 248 East. You can see him turn around and offender Keplinger is tampering with the cuffs that offender Bardlette has on his wrists. He looks to be loosening them.

>A short time later at approx. 9:52AM offender Bardlette walks up the range, cuffs off and assaults Sgt. Reed. A fight is seen and offender Bardlette is seen running down the 200 East range to the 100 East range. Sgt. Reed is seen chasing him and blood is seen on his head and face.

ECF 7-3 at 3.

In assessing the evidence, the DHO determined there was sufficient evidence in the record to find Keplinger guilty of aiding in the battery of prison staff. A conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. In the conduct report, Investigator Dustin explained that Keplinger tampered with the locking device on Offender Bardlette's handcuffs and loosened them to the point where he was able to get free and assault prison staff. ECF 7-1 at 1. Thus, he indicated that, as a result of Keplinger's aiding and abetting in the tampering of Offender Bardlette's locking device, prison staff was injured. *Id.* The court has reviewed the confidential video evidence and notes the conduct report accurately reflects Keplinger's participation in aiding in the battery of a prison staff member. Therefore, there was more than "some evidence" for the DHO to find Keplinger guilty of aiding in the battery of prison staff.

Nevertheless, Keplinger argues the evidence does not support a finding of guilt because Offender Bardlette, who battered the staff member, was seen at multiple offenders' cells and his handcuffs were not loosened until after he saw him. ECF 1 at 2. Here Keplinger is asking the court to reweigh the evidence but that is not the role of the court. *McPherson*, 188 F.3d at 786 (the court is not "required to conduct an examination

4

of the entire record, independently assess witness credibility, or weigh the evidence.") Rather, it is the court's role to determine if the DHO's decision to revoke good time credits has some factual basis. *Id*. As discussed, the evidence shows that Keplinger assisted Offender Bardlette in loosening his handcuffs to the point where he could get free so that he could batter prison staff. Here, the DHO's decision was not unreasonable or arbitrary in light of the evidence connecting Keplinger to the tampering of Offender Bardlette's locking device. Therefore, the first ground does not state a basis for habeas corpus relief.

In his second ground, Keplinger argues that his due process rights were violated because he was denied an impartial hearing. ECF 1 at 3. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id*. However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id*.

The court's review of the record shows that there is no competent evidence in the record to support Keplinger's contention that the DHO was dishonest or partial. Here, he alleges only that the hearing officer had "predetermined" his guilt because the DHO stated to him that, "IA wrote it up, I have to find you guilty, take it up with them." ECF

5

1 at 3. While Keplinger believes the DHO was generally biased and mischaracterized the video evidence, there is no indication that the DHO had a direct or otherwise substantial involvement in the events underlying the charge. As stated, the court has reviewed the video evidence and it supports the charge as described in the conduct report. Furthermore, as discussed, the DHO considered the evidence presented and found the evidence sufficient to find Keplinger guilty. Therefore, the second ground does not identify a basis for habeas relief.

If Keplinger wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Tyson Keplinger's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on June 18, 2018

                                                      /s/ JON E. DEGUILIO
                                                      JUDGE
                                                      UNITED STATES DISTRICT COURT